UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY R. LOVE,

Plaintiff,

v.

WARDEN SOCORRO SALINAS, CHIEF DEPUTY WARDEN R.J. RACKLEY, CORRECTIONAL OFFICER Y. MONTGOMERY, CORRECTIONAL OFFICER B. BERGHORST, NURSE GALANIS, DR. MALET, DR. ZACHARIAH, and DR. MICHAEL FOX, individually; the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendants.

No. 2:11-cv-00361-MCE-KKN

MEMORANDUM AND ORDER

----oo0oo----

Through this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff Timothy R. Love ("Plaintiff") seeks redress from Defendants Warden Salinas, Chief Deputy Warden Rackley, Correctional Officers Montgomery and Berghorst, Nurse Galanis, and Drs. Malet, Zachariah, and Fox, in their individual capacities, as well as the California Department of Corrections and Rehabilitation ("CDCR") (collectively, "Defendants"), based on alleged violations of Plaintiff's Eighth and Fourteenth Amendment rights.

Plaintiff also seeks redress for claims brought under California state law, including negligence, medical malpractice, and a violation of California Civil Code § 52.1.

Presently before the Court is Defendants' Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 26.) Defendants moved to dismiss several causes of action pled in Plaintiff's First Amended Complaint (ECF No. 24) for failure to state a claim upon which relief may be granted. Specifically, Defendants moved to dismiss Plaintiff's § 1983 claim for Failure to Protect against Defendant CDCR; Plaintiff's § 1983 claims for Failure to Protect and Supervisory Liability against Defendants Salinas and Rackley; Plaintiff's medical malpractice claim against Defendant CDCR; Plaintiff's § 52.1 claim against Defendant Galanis; and Plaintiff's First Amendment claim for retaliation. Plaintiff's remaining claims are not contested. Defendants' Motion to Dismiss was filed on May 11, 2011. (ECF No. 26.) Plaintiff filed a timely opposition to Defendants' Motion to Dismiss on June 6, 2011. (ECF No. 27.) For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part.[2]

///

///

///

///

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument will not be of material assistance, the Court deems this matter suitable for decision without oral argument. E.D. Cal. Local Rule 230(g).

**BACKGROUND**[3]

Plaintiff was previously incarcerated at Deuel Vocational Institution. On February 12, 2010, Defendant Berghorst, a correctional officer, manually unlocked Plaintiff's cell door on the third floor and instructed Plaintiff to retrieve a roll of toilet paper from outside his cell. While Plaintiff was bent over to retrieve the roll, his head was in the cell door's path. At this time, Defendant Montgomery, a correctional officer, mechanically closed the cell block door using a control panel on the second floor. The cell block door closed, injuring Plaintiff's head. Defendants Montgomery and Berghorst did not call for emergency care for Plaintiff. Plaintiff walked to the infirmary, and was later hospitalized. At the hospital, Plaintiff was diagnosed with whiplash and closed head trauma. The hospital provided Defendants Warden Salinas, Chief Deputy Warden Rackley, Nurse Galanis, and Doctors Malet, Zachariah, and Fox with instructions on treating Plaintiff's head injury, with which they did not comply.

On February 13, 2010, Defendant Galanis, a nurse from the infirmary, came to Plaintiff's cell because Plaintiff was going in and out of consciousness. Defendant Galanis ordered Plaintiff to stand up. When Plaintiff could not stand, Defendant Galanis punched Plaintiff in the chest multiple times.

///

[3] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

Plaintiff was again hospitalized due to the continued effects of his head injury, and was diagnosed with a concussion and brain injury. Again, the hospital provided Defendants Salinas, Rackley, Galanis, Malet, Zachariah and Fox with instruction on treating Plaintiff's injury, with which they did not comply.

As a result of having his head injured in the cell block door, and Defendants' failure to provide Plaintiff with appropriate medical care, Plaintiff claims to have suffered panic attacks, seizures, partial paralysis, chronic headaches, migraines, severe dizziness, nausea, vomiting, and stuttering. Plaintiff's injuries have rendered him permanently disabled.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [...] claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.

///

///

However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2)...requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

///

///

However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party...carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint...constitutes an exercise in futility....")).

///

///

///

///

**ANALYSIS**

Plaintiff alleges both federal and state causes of action and requests relief accordingly. The issue before the Court in a motion to dismiss is not the substance of these various claims, but whether Plaintiff has pled sufficient facts as a general matter. While the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable theory. See supra.

**A. Failure to Protect, Violation of 42 U.S.C. § 1983, against Defendant CDCR.**

Plaintiff's first cause of action asserts that Defendant CDCR failed to protect Plaintiff from the physical injury he suffered when his head was injured by the cell block door, in violation of § 1983 and the Eighth Amendment prohibition of cruel and unusual punishment. The Eleventh Amendment creates a jurisdictional bar to private actions for damages against states in federal court. Quern v. Jordan, 440 U.S. 332, 338-40 (1979). "The state need not be named a party defendant for the Eleventh Amendment to apply." Edelman v. Jordan, 415 U.S. 651, 663 (1974); Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988). Thus, the Eleventh Amendment bars any suit in federal court by private parties seeking to impose a liability that must be paid from public funds in the state treasury. Quern, 440 U.S. at 337. This rule applies to claims for damages in § 1983 actions. Edelman, 415 U.S. at 663.

///

While § 1983 "provides a federal forum to remedy many deprivations of civil liberties...it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Both the state and its "arms" or agencies are immune from actions seeking to impose liability under § 1983. Id. at 65-66 (holding that neither the state nor state agencies are persons within the meaning of § 1983); Hale v. Ariz., 993 F.2d 1387, 1398 (9th Cir. 1993) (holding that the Arizona Department of Corrections is not a "person" within the meaning of § 1983).

As a state agency, CDCR is an arm of the State of California. See Hale, 993 F.2d at 1399. Thus, a private action for damages against CDCR is a private action for damages against the state, and the suit is therefore barred by the Eleventh Amendment. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Ala. v. Pugh, 438 U.S. 781, 782 (1978) (holding that a suit against a state and its Board of Corrections is barred by the Eleventh Amendment). Plaintiff's claim for damages against CDCR seeks a remedy against the state of California for the alleged deprivation of Plaintiff's civil liberties. Plaintiff's suit would require any liability by CDCR to be paid from public funds in the California treasury. The Eleventh Amendment is an absolute bar to such a claim. Defendant's Motion to Dismiss Plaintiff's § 1983 claim against CDCR is therefore granted.

///

///

///

**B. Supervisory Liability, Violation of 42 U.S.C. § 1983, against Defendants Salinas and Rackley.**[4]

Plaintiff's first cause of action also asserts a § 1983 claim for supervisory liability against Defendants Salinas and Rackley. State officials are "persons" within the meaning of § 1983. Hafer v. Melo, 502 U.S. 21, 22 (1991). As such, prison officials may be sued in their individual capacity for damages resulting from an alleged violation of a prisoner's Constitutional rights under § 1983. Id. Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948. Rather, each government official may only be held liable for his own misconduct. Bowell v. Cal. Substance Abuse Treatment Facility, No. 1:10-CV-02336-AWI-DLB PC, 2011 WL 2224817, at *4 (E.D. Cal. June 7, 2011).

///

[4] Plaintiff did not expressly state a cause of action for Supervisory Liability under § 1983 against Defendants Salinas and Rackley. Rather, Plaintiff stated a § 1983 claim for Failure to Protect against Defendants Salinas and Rackley. However, based on Plaintiff's pleadings, which allege that Defendants Salinas and Rackley negligently hired, retained, and failed to properly train their subordinates, the Court construes Plaintiff's § 1983 claim against Defendants Salinas and Rackley as a claim for Supervisory Liability. Defendants moved to dismiss both the claim for Supervisory Liability and the claim for Failure to Protect against Defendants Salinas and Rackley. (Defs.' Mot. Dismiss, 3:14, ECF No.26.) Because the Court construes the Failure to Protect claim as Supervisory Liability claim against these Defendants, the Court will only consider Plaintiff's Supervisory Liability claim in considering Defendants' Motion to Dismiss.

However, government officials acting as supervisors may be liable under § 1983 under certain circumstances. A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the Constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the Constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Thus, § 1983 actions against supervisors are proper as long as a sufficient causal connection exists and the plaintiff was deprived under color of law of a federally secured right. Starr v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011) (quoting Redman v. Cnty. of San Diego, 942 F.2d 1435, 1447 (9th Cir. 1991)).

The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's Constitutional rights can be established in a number of ways. The plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a Constitutional injury. Dubner v. City of S.F., 266 F.3d 959, 968 (9th Cir. 2001). Similarly, a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates may establish supervisory liability. Starr, 633 F.3d at 1197. Finally, a supervisor's acquiescence in the alleged constitutional deprivation, or conduct showing deliberate indifference toward the possibility that deficient performance of the task may violate the rights of others, may establish the requisite causal connection.

Id.; Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005).

As grounds for Plaintiff's first cause of action, Plaintiff alleges that Defendants Salinas and Rackley violated his Eighth Amendment right to be free from cruel and unusual punishment and are therefore liable under § 1983. Under the Eighth Amendment, prison officials must provide prisoners with humane conditions of confinement. "They must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 825 (1994). The Eighth Amendment proscribes more than physically barbarous punishments, and embodies "broad and idealistic concepts of dignity, civilized standards, humanity and decency...." Estelle v. Gamble, 429 U.S. 97, 102 (1976). However, an Eighth Amendment violation occurs only when the deprivation alleged is "sufficiently serious" and the official has acted with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 825, 834. A prison official acts with a sufficiently culpable state of mind when he acts with deliberate indifference to inmate health or safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. Farmer, 511 U.S. at 836. A prison official acts with deliberate indifference when he has disregarded a risk of harm of which he was aware. Id.

///

Liability for deliberate indifference may not be premised on obviousness or constructive notice. Id. at 842. However, prison officials are not free to ignore obvious dangers to inmates. Id. Whether an official had the requisite knowledge is a question of fact, and a fact-finder may conclude that the official knew of a substantial risk of harm from the fact that the risk was obvious. Id.

In the present case, Plaintiff alleges that because multiple prisoners and prison guards were injured by the mechanical cell block doors, Defendants knew of the risk of harm posed by the negligent operation of the cell block doors. (Pl.'s 1st Am. Compl., 9:4, ECF No. 24.) Plaintiff also alleges that Defendants Salinas and Rackley disregarded the risk that the cell block doors posed to prisoners' safety. (Id., 8:24-25, ECF No. 24.) Viewed in the light most favorable to the Plaintiff, the facts as pled are sufficient to establish that Defendants' deliberate indifference to inmate safety.

Furthermore, Plaintiff alleges that Defendants were responsible for training corrections officers generally, and failed to specifically train them regarding the safe operation of the mechanical doors. (Id., 8:19-21, ECF No. 24.) Plaintiff also alleges that Defendants Salinas and Rackley refused to terminate the negligent operation of cell block doors which they reasonably knew or should have known would cause their subordinates to inflict a Constitutional injury. (Id., 8:24-25, ECF No. 24.)

///

///

Finally, Plaintiff alleges that Defendants Salinas and Rackley's wrongful conduct caused the cell block door to injure Plaintiff's head, resulting in a violation of Plaintiff's Eighth Amendment Rights. (Id., 8:21, 12:22, ECF No. 24.)

Plaintiff has therefore alleged facts sufficient to establish the requisite causal connection between the wrongful actions of Defendants Rackley and Salinas and the Constitutional violation that Plaintiff alleges. Accordingly, Defendants' Motion to Dismiss is denied as to this claim.

**C. Medical Malpractice, Against Defendant CDCR.**

Plaintiff's fifth cause of action alleges that Defendant CDCR, among others, is liable for medical malpractice. Under California Government Code § 815, "a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person, except as provided by statute." Cal. Gov't Code § 815(a) (West 2011). Furthermore, public entities are not liable for an injury to any prisoner, unless otherwise provided by statute. Id. § 844.6(a)(2). Unless otherwise provided, governmental tort immunity applies to intentional tortious conduct. Id. § 815.3(a). In California, "in the absence of a constitutional requirement, public entities may be held liable only if a statute...declare[s] them to be liable." Hoff v. Vacaville Unified Sch. Dist., 19 Cal. 4th 925, 932 (1998).

///

///

Plaintiff alleges that Defendant CDCR is liable for medical malpractice due the prison medical staff’s failure to exercise the standard of care and skill ordinarily used by medical professionals in treating Plaintiff’s brain injury. (Pl.’s 1st Am. Compl., 18:24-28, ECF No. 24.) However, under the various provisions of the California Government Code discussed above, Defendant CDCR is immune from Plaintiff’s medical malpractice claim. Plaintiff has failed to cite any statute, nor is the Court aware of one, which declares CDCR liable for intentional tortious conduct. (See Pl.’s 1st Am. Compl., ECF No. 24.) As such, Defendants’ Motion to Dismiss is granted as to this claim.

**D. Violation of California Civil Code § 52.1, against Defendant Galanis.**

Plaintiff’s sixth cause of action alleges that Defendant Galanis violated California Civil Code § 52.1 when Defendant Galanis repeatedly punched Plaintiff. California Civil Code § 52.1 provides a private right of action against anyone who “interferes by threats, intimidation, or coercion...with the exercise or enjoyment by any individual or individuals or fights secured by the Constitution or laws of the United States, or rights secured by the Constitution or laws of California.” Cal. Civ. Code § 52.1(a)-(b) (West 2011). Section 52.1 requires “(1) an attempted or completed act of interference with a legal right, accompanied by (2) a form of coercion.” Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998).

///

///

Several courts in the Ninth Circuit have held that a Plaintiff may base a § 52.1 claim on the threats, intimidation or coercion "exercised in connection with the alleged use of excessive force" in violation of § 1983. Warner v. Cnty. of San Diego, No. 10cv1057 BTM(BLM), 2011 WL 662993, at *5 (S.D. Cal. Feb. 14, 2011); Haynes v. City of S.F., No. C 09-0174 PJH, 2010 WL 2991732, at *6 (N.D. Cal. July 28, 2010); see also Venegas v. Cnty. of L.A., 32 Cal. 4th 820, 841-83 (2004) (holding that the use of a threat, intimidation, or coercion need not be separate and apart from the alleged Constitutional violation).

In Haynes, the act underlying the plaintiff's excessive force claim (the defendant pushing the plaintiff into a wall) was sufficient to create a genuine issue of material fact as to whether the defendant acted with threats, intimidation or coercion in violation of § 52.1. 2010 WL 2991732, at *7. In Corser v. County of Merced, the court stated that because the elements of a § 52.1 claim are essentially identical to those of a § 1983 claim, "the survival of Plaintiff's [§] 1983 excessive force claim...naturally entails the survival of a parallel section 52.1 claim against [the same defendant]." 1:05-CV-00985-OWW-DLB, 2009 WL 174144, at *25 (E.D. Cal. Jan. 26, 2009); Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1273 (Cal. Ct. App. 1998). In the present case, Plaintiff has stated a claim for excessive force against Defendant Galanis. (Pl.'s 1st Am. Compl., 15:8, ECF No. 24.) Defendants do not contest Plaintiff's excessive force claim.

///

///

In accordance with decisions of other district courts in the Ninth Circuit, the survival of Plaintiff's § 1983 excessive force claim against Defendant Galanis requires survival of Plaintiff's § 52.1 claim against Defendant Galanis. Defendants' Motion to Dismiss is therefore denied as to this claim.

**E. Retaliation.**

Plaintiff's "Statement of Damages" included in his First Amended Complaint states that Defendants took retaliatory action against Plaintiff. (Pl.'s 1st Am. Compl., 11:12-14, ECF No. 24.) Although Plaintiff did not specifically state a cause of action for retaliation, Defendants construed Plaintiff's statement as a First Amendment Retaliation claim, and moved to dismiss. (Defs.' Mot. Dismiss, 10:2-17, ECF No. 26.) Plaintiff does not oppose Defendants' motion. (Pl.'s Opp'n, 9:19, ECF No. 27.) Because Plaintiff has failed to allege any facts that would support a separate cause of action for retaliation, the Court declines to recognize any intended claim for retaliation. The Court therefore declines to rule on Defendants' Motion to Dismiss as to this claim.

///

///

///

///

///

///

///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 26) is GRANTED with leave to amend as to Plaintiff's first cause of action against Defendant CDCR and Plaintiff's fifth cause of action against Defendant CDCR. The Motion is DENIED, however, as to Plaintiff's first cause of action against Defendants Salinas and Rackley, and Plaintiff's sixth cause of action against Defendant Galanis.

Plaintiff has not demonstrated any bad faith or other malicious conduct, and therefore may file an amended complaint not later than twenty (20) days after the date this Memorandum and Order is filed electronically. If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's relevant claims will be dismissed without leave to amend.

IT IS SO ORDERED.

Dated: June 30, 2011

______________________________
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE