KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-4928
 Facsimile:  (916) 324-5205
 E-mail:  Diana.Esquivel@doj.ca.gov

*Attorneys for Defendants Berghorst, Fox, Galanis, Malet, Montgomery, Rackley, Salinas, and Zachariah*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **TIMOTHY R. LOVE,**<br><br>                                              Plaintiff,<br><br>        v.<br><br>**SOCORRO SALINAS, et al.,**<br><br>                                              Defendants. | No. 2:11-cv-00361 MCE-CKD<br><br>**STIPULATION AND PROPOSED ORDER TO MODIFY AMENDED SCHEDULING ORDER CONCERNING DEADLINES FOR EXPERT DISCOVERY AND DISPOSITIVE MOTIONS AND TO DISMISS CERTAIN DEFENDANTS**<br><br>Pretrial Conference: December 19, 2013<br>Trial Date: February 18, 2014<br>Action Filed: February 9, 2011 |

   The parties, by and through their attorneys of record, seek to modify the amended scheduling order, dated September 6, 2012 (ECF No. 43), to allow Defendants to file their motion for summary judgment before the parties are required to disclose expert witnesses.  The requested modification will not affect any deadline other than those related to expert discovery and dispositive motions.  Good cause exists to modify the amended scheduling order because the requested modification will conserve resources, reduce litigation costs, and potentially lead to a resolution of the case without trial.

1   A scheduling order may be modified only upon a showing of good cause and by leave of
2   Court.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975
3   F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion).  In
4   considering whether a party moving for a schedule modification has good cause, the Court
5   primarily focuses on the diligence of the party seeking the modification.  *Johnson,* 975 F.2d at
6   609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment).  "The district
7   court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the
8   party seeking the amendment.'"  *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983
9   amendment).  Parties must "diligently attempt to adhere to that schedule throughout the
10  subsequent course of the litigation."  *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal.
11  1999); *see Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause"
12  standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline
13  occurred or will occur, notwithstanding her diligent efforts to comply, because of the
14  development of matters which could not have been reasonably foreseen or anticipated at the time
15  of the Rule 16 Scheduling conference . . ."  *Jackson,* 186 F.R.D. at 608.
16  The Court issued its original scheduling order on September 7, 2011.  (ECF No. 36.)  The
17  parties previously requested two modifications of the scheduling dates to allow the parties to
18  complete fact discovery.  (ECF Nos. 37, 40.)  On September 6, 2012, the Court issued an
19  amended scheduling order requiring the parties to disclose expert witnesses by March 4, 2013,
20  and exchange supplement expert reports on March 24.  (ECF No. 43, 2:14-3:27.)  The amended
21  order also set out a schedule for filing dispositive motions and setting the last day to hear such
22  motions on July 11, 2013.  (*Id.* 4:17-25.)
23  The parties completed fact discovery.  During the course of discovery, the parties agreed to
24  voluntarily dismiss certain Defendants.  The parties also recognized that each side will likely need
25  to retain and disclose about four to five expert witnesses—physician, neurologist, psychiatrist,
26  accident reconstructionist, economist, and vocational or life coach.  Before expending the cost
27  and time to prepare and disclose expert reports under Federal Rule of Civil procedure 26, the
28  parties agree that it will be more judicially and financially economical for Defendants to file, and

2

have the Court rule on, their motion for summary judgment to determine what issues will remain. The parties further agreed that they will be in a better position to have meaningful settlement discussions after the summary-judgment motion is decided. Based on these factors, the parties agree to the following:

1. Defendants Fox, Malet, and Zachariah be dismissed from this action with prejudice with each party bearing his own costs and attorney's fees;

2. Defendants will file their motion for summary judgment on or before March 5, 2013;

3. The hearing on the motion for summary judgment will be set for April 18, 2013 at 2:00 p.m.;

4. The opposition and reply to the summary-judgment motion will be due as required under Local Rule 230;

5. Expert disclosures and reports will occur no later than August 9, 2013;

6. Supplemental/rebuttal expert reports will be due on September 13, 2013; and

7. The parties will complete expert discovery by November 1, 2013.

The remaining deadlines in the amended scheduling order will not be affected by the requested modifications and should remain in place.

IT IS SO STIPULATED.

Dated:  February 14, 2013                          Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID A. CARRASCO
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

Dated:  February 14, 2013                          KERSHAW, CUTTER & RATINOFF, LLP

*/s/ John R. Parker, Jr.*

JOHN R. PARKER, JR.
*Attorneys for Plaintiff*

# ORDER

Based on the parties' stipulation and good cause appearing, the amended scheduling order, dated September 6, 2012 (ECF No. 43), is modified as follows:

1. Defendants shall file their motion for summary judgment on or before March 5, 2013.

2. The hearing on the motion for summary judgment is set for April 18, 2013 at 2:00 p.m. The opposition and reply must be filed as required under Local Rule 230.

3. The parties shall designate expert witnesses by no later than August 9, 2013, and shall comply with all the requirements set forth in Section V of the amended scheduling order.

4. Supplemental/rebuttal expert reports are due by September 13, 2013.

5. The parties shall complete expert discovery by November 1, 2013.

Except as listed above, the amended scheduling order, dated September 6, 2012, remains in place and all other dates, including trial-related dates, remain as set forth in the order.

IT IS FURTHER ORDERED that Defendants Fox, Malet, and Zachariah are dismissed with prejudice. Each party shall bear his own costs and attorney's fees.

IT IS SO ORDERED.

Dated: March 6, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE